Lipscomb, J.
The only point presented in this case is as to the sufficiency of the writ or citation.
The plaintiff in error, by his counsel, contends that the citation should have directed the sheriff to have summoned both defendants byname, although only one of them resided in his county. And he contends that such is the construction of the articles 674, 675, and 679, Hartley’s Digest. In this construction we cannot coucur. The intent of the statute was to give notice to eaph defendant that a suit had been instituted against him and to call on him to answer to that suit, and that the suit should be sufficiently described to enable him to know it without being left in any uncertainty, if it was against him alone, it would he sufficient to give the name of tile plaintiff who had commenced the suit. If against others sued with him, the citation should give the names of such other defendants so sued as has been done in this ease.
Iu the case of Burleson v. Henderson, Gov.,'decided at Austin, the suit had been brought against three persons, one of whom was Burleson. The citation called upon him to appear and answer to a suit brought against him by Henderson, without any reference to the co-defendants 'included in the petition; the fair conclusion from which was that the suit was instituted against him only. Row, there was no such suit to be found. On this ground we thought the citation insufficient. There were other points in that case not affecting the case under consideration.
Note 21. — The correct practice is to issue one citation for all the defendants. (Anderson v. Brown, 16 T., 551.) In Thormond v. Trammell, 28 T., 868, it is said that it is the duty of th* clerk to issue copies of the citation to each of the defendants.
With us the petition is the commencement of the suit. That
should set forth the names of the parties, plaintiff and defendant, and the citation is to answer to the petition. It is not like the practice in the course of the ■common law, where the original writ is the commencement of the suit and each copy served on the different defendants is but a counterpart of the original. If the citation had been framed as the plaintiff in error contends that it ought to have been, we believe that it would answer the intent of the statute and •would have been sufficient. But we believe that it is more critically correct as framed in the one presented in this case.
Judgment affirmed.