No. 2488.

## JOHN T. STARK *v.* ARGUS ELLIS.

1. BILL OF EXCEPTIONS—PRACTICE.—When the record shows no statement of facts from which the materiality of excluded testimony can be determined, and the bill of exceptions based on such exclusion fails to state enough of the facts established in the case to make intelligible the ruling of the court in reference to the issue made by the pleadings, the exception will be disregarded on appeal.
2. PRACTICE.—Papers which neither constitute part of the pleading, statement of facts, or bill of exceptions, when incorporated in the transcript, will be disregarded.
3. PRACTICE.—One who excepts, in the trial of a cause in trespass to try title, to the action of the court in excluding a judgment which, in its proper connection, would be admissible, can derive no benefit on appeal from the exception, when there is nothing in the record to show that he had by evidence connected himself with it.

APPEAL from Orange. Tried below before the Hon. W. H. Ford.

*John T. Stark,* for himself.

*S. Chenault,* for appellee.

WILLIE, CHIEF. JUSTICE. This is an action of trespass to try title, brought by the appellant to recover of the appellee a lot in the town of Orange. The plaintiff claimed the lot under a sale made by virtue of an execution issued upon a judgment obtained in a justice's court in favor of John Thompson, against G. W. Michael. Upon the trial of the case the plaintiff offered in evidence a transcript of that judgment, which, upon objection by the adverse party, was ruled out by the court. He then took a nonsuit, and afterwards moved to set it aside, and this motion was also denied.

The assignments of error are directed to these two rulings of the court below, to which bills of exception were reserved. There is no statement of facts in the record from which the materiality of the evidence can be ascertained. The bill of exceptions does not inform us what were the objections to the judgment for which it was excluded; nor does it state enough of the facts proved in the case to make intelligible the ruling of the court excepted to, in reference to the issue made by the pleadings. In these respects the bill is in violation of rules 58 and 59 for the government of district courts. There is nothing in the record to show that the plaintiff connected himself in any manner with this judgment rendered between other parties. It is true that the bill states that the plaintiff claimed under an execution sale made by virtue of the judgment. That was made apparent by the pleadings. But it is one thing to claim a right and another to establish it by evidence; and we are wholly without evidence that an execution ever issued upon this judgment, that a sale ever took place thereunder, or that the plaintiff ever bought the lot under this execution, or in any other manner. In fact, the presumptions to be drawn from the bill of exceptions are, that no such execution did issue. The justice certifies that the transcript offered contains all the entries upon his docket, and there is among them no statement that an execution issued, no taxation of costs, no account of its issuance. There is an entry to the effect that an appeal from the judgment was perfected, and this was doubtless the reason why execution did not issue. We find in the record one or two papers which appear to refer to the action of the county court upon the appeal, but how they got into the record can not be ascertained. They are not made part of the bill of exceptions, and we have seen that there

is no statement of facts to which they can properly be referred. This manner of placing in the record papers which may be appropriate in a bill of exceptions or statement of facts, without the sanction of the district judge, has been often discountenanced, and we have **universally** refused to take such papers into consideration.

From what we have said, the judge below had good reason for ruling out the judgment, if the unstated objections were that the plaintiff had not, by evidence connected himself therewith. It is not brought to our knowledge in any legal manner that the objections relied on were of any other character. It is true that the brief of counsel treats the case as if the objection was that the judgment had been vacated by the appeal. Whilst we can not look to the brief for what was left out of the record, it may be proper to say that in the case of Bender Brothers v. Lockett, 64 Texas, 566, this court did hold that an appeal from a justice's court, properly perfected, did vacate the judgment of the justice, and no order could be entered above, reversing the judgment. We see no error in the judgment, and it is affirmed.

*Affirmed.*

**Opinion delivered January 27, 1888.**