FIRST NAT. BANK OF MERKEL v. THURMOND et al.

(Court of Civil Appeals of Texas. Ft. Worth. March 29, 1913. On Motion for Rehearing, May 17, 1913.)

1. JUDGMENT (§ 525*)—CONSTRUCTION—RECITALS—DEFAULT OF APPEARANCE.

In an action against a bank as guarantor of a note, a judgment rendered against it recited that the bank had made default although duly cited, notwithstanding at the time the bank, though not present at the trial, had on file its answer. Held, that as the answer did not deny the guaranty, but only set up the defense that it was ultra vires and void, and as there were other recitals showing that evidence was introduced to prove the cause of action, there was no error.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 568, 968, 982½; Dec. Dig. § 525.*]

2. APPEAL AND ERROR (§ 980*) — REVIEW — DISCRETION OF LOWER COURT—NEW TRIAL.

Judgment by default was rendered against a bank as guarantor of a note. The ground on which a new trial was asked was that the bank was not present at the trial, because it understood that the principal obligor had made arrangements to pay the note, and that plaintiff had agreed to dismiss the action, and that it did not know otherwise until after the trial. Held, that the lower court must have held the bank negligent in failing to be present, and there was nothing to show an abuse of discretion in so holding.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3874, 3875; Dec. Dig. § 980.*]

On Motion for Rehearing.

3. JUDGMENT (§ 237*)—PARTIES—GUARANTY—DISCONTINUANCE AS TO PRINCIPAL.

Rev. Civ. St. 1911, art. 1897, which provides that where a suit is discontinued as to a principal obligor, no judgment can be rendered against an indorser, guarantor, or surety, unless it is alleged and proven that the principal obligor resides beyond the limits of the state, or in such part of same that he cannot be reached by ordinary process of law, or that his residence is unknown, or that he is dead, or insolvent, is mandatory; and, in the absence of a pleading alleging the facts required by the statute, a judgment against a guarantor, after the suit had been dismissed as to the principal obligor, was erroneous.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 323; Dec. Dig. § 237.*]

Appeal from District Court, Mitchell County; James L. Shepherd, Judge.

Action by F. G. Thurmond and others against the First National Bank of Merkel. From a judgment in favor of plaintiffs, defendant appeals. Reversed on rehearing.

C. D. Mims, of Merkel, for appellant. L. W. Sandusky, of Colorado, Tex., for appellees.

DUNKLIN, J. The First National Bank of Merkel has appealed from a judgment against it in favor of F. G. Thurmond, for himself and as guardian of the estate of P. M. Thurmond, a minor. The judgment recites that appellant had made default, notwithstanding at the date of its rendition appellant had on file an answer to the petition.

No statement of facts appears in the record, but it appears from plaintiff's petition, which was filed January 21, 1911, that the suit was upon a promissory note alleged to have been executed by T. J. Coggin, C. N. Coggin, and J. J. Strange, payable to plaintiff. It is further alleged in the petition that after maturity of the note defendant T. J. Coggin authorized plaintiff to draw a draft upon appellant bank for the amount of principal and interest then due on the note; that thereafter, when plaintiff inquired of the president of the bank if T. J. Coggin had deposited there funds sufficient to pay the amount so due said president made the following indorsement on the note: "September 11, 1908. You are hereby authorized to check on the First National Bank of Merkel, Texas, for the amount of this note when you want it. [Signed] George Berry, President." Relying upon said guaranty of its payment, plaintiff made no further effort at the time to collect the note. Appellant filed an answer to the petition May 22, 1911, consisting of a general demurrer and a plea that the written guaranty upon which plaintiff relied to hold appellant liable was ultra vires and void. The judgment is dated June, 1912, and recites that appellant, although duly cited, had made default. It contains the further recitals that evidence was heard from which it appeared that plaintiff's cause of action was a liquidated demand, evidenced by a promissory note secured by a deed of trust on certain described property in the judgment, and that the payment of the note was guaranteed by defendant, the First National Bank of Merkel, Tex. On June 11, 1912, appellant filed its motion for a new trial, duly verified, alleging that in December, 1911, defendant T. J. Coggin, with the assistance of appellant's attorney, procured an agreement from a person not a party to the suit to lend him the money required to liquidate the notes sued on; that plaintiff who was present when that arrangement was made, agreed that if the money was so procured, he would dismiss the suit. It was further alleged in the motion that appellant's attorney was led to believe that the settlement so arranged had been consummated and the suit dismissed; that the clerk of the court also entertained the same belief, and, acting thereon, omitted the case from the court's docket, but later, at plaintiff's instance, again entered it upon the docket, and that neither appellant nor his counsel, both of whom were nonresidents of the county in which judgment was rendered, knew until several days after its rendition, and as soon as such information was obtained the motion was filed.

[1, 2] The contention urged by the first assignment is that it was error to render judgment by default against appellant when its answer was on file, and that this error

alone constitutes a sufficient cause for a reversal. By the second assignment it is insisted that the motion for a new trial presented a meritorious ground for a new trial, and that the court erred in overruling it. As noted, appellant did not deny the execution of the written guaranty on the note; the only defense alleged being that the same was an obligation beyond the legitimate powers of a national bank. While the judgment recites that appellant made default, it was rendered on proof offered at the time of the trial. In overruling the motion for a new trial, the court necessarily must have held that appellant was negligent in failing to be present at the trial, and we cannot say that this holding showed an abuse of the court's discretion. So construing the order, both assignments must be overruled.

The judgment is affirmed.

### On Motion for Rehearing.

Q. T. Moreland, of Ft. Worth, for appellant.

DUNKLIN, J. The First National Bank of Merkel has appealed from a judgment against it in favor of F. G. Thurmond, for himself and as guardian of the estate of P. M. Thurmond, a minor. There is no statement of facts in the record, but it appears from plaintiff's petition that the suit was upon a promissory note, alleged to have been executed by T. J. Coggin, C. N. Coggin, and J. J. Strange payable to plaintiff. It is further alleged in the petition that after maturity of the note defendant T. J. Coggin authorized plaintiff to draw a draft upon appellant bank for the amount of principal and interest then due on the note; that thereafter, when plaintiff inquired of the president of the bank if T. J. Coggin had on deposit with the bank funds sufficient to pay the amount so due, said president made the following indorsement on the note: "September 11, 1908. You are hereby authorized to check upon the First National Bank of Merkel, Texas, for the amount of this note when you want it. [Signed] Geo. Berry, President." Plaintiff further alleged that, relying upon this guaranty of the payment of the note, he made no further effort at that time to collect the note. The judgment contains a recital that appellant had made default, although duly served with citation, but contains other recitals indicating that evidence was introduced to prove the plaintiff's cause of action. Prior to the date of the judgment appellant had filed an answer which seems to have been overlooked by the court at the time the judgment was rendered. The judgment contains the further recital that the plaintiff dismissed his suit as to the defendant C. N. Coggin and J. J. Strange who, as noted above, were alleged to be two of the principal makers of the note. There is no pleading in the record containing any allegation that either C. N. Coggin or J. J. Strange

resided beyond the limits of the state, or that he could not be reached by the ordinary process of law, or that his residence was unknown, or that he was dead or insolvent.

[3] On the original hearing we overruled all assignments of error presented in appellant's brief, and affirmed the judgment. But by motion for rehearing appellant invokes article 1897, Revised Civil Statutes 1911, and insists that by virtue of the terms of that article, and in the absence of any pleading of the character just noted, the judgment rendered against it was fundamentally erroneous. The article of the statutes referred to reads: "Where a suit is discontinued as to a principal obligor, no judgment can be rendered therein against an indorser, guarantor, surety or drawer of an accepted bill who is jointly sued, unless it is alleged and proven that such principal obligor resides beyond the limits of the state, or in such part of the same that he cannot be reached by the ordinary process of law, or that his residence is unknown and cannot be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent." We are of the opinion that this statute is mandatory, and that, in the absence of a pleading alleging the facts required by the statute, the judgment must be reversed. Breed v. Higginbotham Bros., 141 S. W. 164; Welch v. Phelps, 37 S. W. 175.

For the reasons above indicated, the motion for rehearing is granted, the original opinion filed by us withdrawn, and the judgment reversed, and the cause remanded.