## WEIR–MARTIN IMPLEMENT CO. v. RICE.
### SAME v. VILLARREAL.
### SAME v. HARDIN.
### Nos. 8695–8697.

Court of Civil Appeals of Texas. San Antonio.
Dec. 9, 1931.

Rehearing Denied Jan. 6, 1932.

Perkins & Floyd, of Alice, for appellant.

Goodhue Weatherly, of Falfurrias, for appellees.

FLY, C. J.

This case was instituted in the justice's court by appellee against appellant, which filed a plea of privilege to be sued in Jim Wells county. The plea was refused in the justice's court and on appeal to the county court the same action was taken. The plea of privilege alleged that appellant is a corporation and the only office it has is in Alice, Jim Wells county.

The evidence showed that appellant had its place of business in Alice and had no office in Brooks county. Appellant, nor any one authorized by it, had ever agreed in writing to pay the debt or any part of it in Brooks county. Appellant was not shown to be indebted to appellee in any sum. Gardiner was an employee of one Holmes, and had no authority to contract debts for appellant or to agree to pay them anywhere.

Appellant had its domicile in Jim Wells county, and at no time agreed to pay the debt, not owed by it but by Holmes, in Brooks county. In order to deprive appellant of its privilege to be sued in the county of its domicile, there must be a strict compliance with the exception to the general statute (Rev. St. 1925, art. 2007). The letters attached to the controverting affidavit were not placed in evidence, and cannot be considered. The burden was on appellee to show that appellant had agreed in writing to pay the debt due by a third person. No writing was placed in evidence and the venue should have been changed to Jim Wells county.

This decision will apply to and govern the cases of Weir-Martin Implement Company v. Villarreal, No. 8696, and the same appellant v. C. T. Hardin, No. 8697, as the facts are the same in each case.

The judgments in the three cases are reversed, and judgment is here rendered in each case that the pleas of privilege be sustained and the causes transferred to Jim Wells county in accordance with the provisions of article 2020, Revised Statutes of Texas.

Reversed and rendered.