Nos. 13191, 13205, 13224.

Court of Civil Appeals of Texas. San
Antonio.

March 16, 1938.

Rehearing Denied March 30, 1938.

G. D. Fairbanks, of Brownsville, for appellant.

Seabury, Taylor & Wagner, of Brownsville, for appellee.

SMITH, Chief Justice.

This appears to have been a suit brought by Zeno Gossett, Banking Commissioner, against Margaret McAllen Fairbanks and her husband, G. D. Fairbanks.

It appears from a certified copy of the judgment rendered in the case on November 13, 1937, that certain special exceptions to G. D. Fairbanks' answer were sustained by the court on October 27, 1937, to which ruling Fairbanks then and there excepted.

Final judgment in the cause was rendered, as stated, on November 13, 1937, in which Gossett recovered a money judgment against Mrs. Fairbanks, alone, together with foreclosure of a mortgage lien upon certain real property belonging to her separate estate. Mrs. Fairbanks then and there excepted to that judgment, and gave notice of appeal therefrom. G. D. Fairbanks neither excepted thereto nor did he give notice of appeal therefrom. It does not appear that motion for new trial was filed in the case, or that Mrs. Fairbanks perfected any appeal; on the contrary, it appears, unofficially but efficiently, that Mrs. Fairbanks has paid off the only judgment rendered in the case.

The above motions of G. D. Fairbanks are designed to secure an extension of time in which he may file transcript of the record in this court. The first of such motions was filed here on February 2, 1938, or eighty-one days after rendition of final judgment, and therefore this court has no power to grant the requested extension, motion for which is required by statute to be filed in this court within seventy-five days from the date of the final judgment; no motion for new trial having been filed below. Article 1839, R.S.1925, as amended by the Acts of 1933, 43d Leg., p. 142, c. 67, Vernon's Ann.Civ.St. art. 1839.

But, aside from the rule stated, Dr. Fairbanks has no right of appeal in the case, for the simple reason that he did not except to the final judgment in the case, or give notice of appeal therefrom. The only exception made by him, according to the record, was to a ruling of the trial court sustaining certain special exceptions to his answer; whereas, of course, no appeal lies to such a ruling.

Dr. Fairbanks has attached to his last filed motion certified copies of certain "entries notes on the trial docket," for the stated purpose of varying dates recited in the final judgment. It is sufficient to say that entries from trial court dockets can be given no effect on appeal, and even if given effect in this instance would have no bearing on the conclusions we have reached and expressed above. Rather, they confirm the facts, otherwise shown by the judgment, as stated above, that Dr. Fairbanks did not except to the final judgment in the case, but

only to the court's ruling on certain special exceptions to his answer, and that he failed to give notice of appeal in either event.

We hold that Dr. Fairbanks has shown no right of appeal, or to an extension of time in which to file the record in this court, or, assuming he had such right, good cause for delay.

Dr. Fairbanks' final motion, for rehearing on his previous motions, must be overruled.