FAIRBANKS v. GOSSETT, Banking Com'r.

No. 10452.

Court of Civil Appeals of Texas. San Antonio.

June 22, 1938.

Rehearing Denied July 20, 1938.

946

G. D. Fairbanks, of Brownsville, for plaintiff in error.

Ocie Speer, of Austin, for defendant in error.

MURRAY, Justice.

Defendant in error, Z. Gossett, as Banking Commissioner of Texas, instituted this suit against G. D. Fairbanks and wife, Margaret McAllen Fairbanks, seeking to recover the amount of principal and interest due on a certain note in the principal sum of $35,776.66, dated December 12, 1935 bearing interest at the rate of 8% per annum until paid, and signed by G. D. Fairbanks and Margaret McAllen Fairbanks, and further seeking the foreclosure of a deed of trust lien on certain real property.

The case was tried before the court, without the intervention of a jury, and resulted in a judgment in favor of defendant in error and against Margaret McAllen Fairbanks, in the sum of $9,894.93, together with a foreclosure of a deed of trust lien on certain real property. No personal judgment was taken against G. D. Fairbanks. Margaret McAllen Fairbanks did not appeal from the judgment and it has been paid in full. See Fairbanks v. Gossett, Tex.Civ.App., 114 S.W.2d 930. G. D. Fairbanks alone brings this case before us by writ of error.

There are a number of assignments of error, as well as propositions, but it becomes at once apparent that unless plaintiff in error, G. D. Fairbanks, can sustain his plea of duress there is no merit in his appeal.

The note sued on was among the assets taken over by the Banking Commissioner as liquidating agent for the Texas Bank & Trust Company of Brownsville, Texas. It appears that Fairbanks and his wife had executed to this bank a note for the principal sum of $30,000. The note sued on herein is alleged to be a renewal note for the amount asserted to be due on the original $30,000 note. G. D. Fairbanks contends that the execution of this renewal note was secured by duress. His exact contention is well stated in his brief, as follows: "These interferences and obstructions culminated in Dec. 1935 when defendants were forced under duress to sign an extension agreement of said note with the banking commissioner, acknowledging an excessive debt of many thousands of dollars more than the real amount owing, or lose an oil lease worth $100,000."

It seems that a suit had been instituted against the Fairbanks and a lis pendens notice filed. The Fairbanks were at the time about to close a very valuable oil lease on their ranch property, the lis pendens notice interfered with the closing of the oil lease matter, and the Fairbanks executed the renewal note and a deed of trust securing the same, in order not to lose this valuable oil lease. Such facts could not constitute duress. Agreeing upon the amount due under the old note and executing a new note for that amount, in order to keep from losing what they considered a good bargain in an oil lease, was not such duress as is recognized by law. Furthermore, no personal judgment was rendered against plaintiff in error, but, on the contrary, the judgment provides that he go hence without day.

The trial judge properly sustained a general demurrer to his answer herein, and there is no merit in plaintiff in error's assignments of error. Accordingly, the judgment will be affirmed.