**Edd JOHNSON, Appellant,**

v.

**J. R. WATKINS COMPANY, Appellee.**

No. 10787.

Court of Civil Appeals of Texas.

Austin.

June 29, 1960.

M. N. Garcia, Austin, for appellant.

Biggers, Baker, Lloyd & Carver, Monty C. Barber, Dallas, for appellee.

HUGHES, Justice.

This suit upon a sworn account was brought by appellee, The J. R. Watkins Company, against the debtor, Neal Mumford and against Frank Burdett and appellant Edd Johnson who, in writing guaranteed payment of the indebtedness of Mumford.

Appellee alleged the amount sought became due January 1, 1954. Suit was instituted November 21, 1958.

Appellant and Burdett both answered and each pleaded the four year statutes of limitations. Arts. 5527 and 5529, Vernon's Ann.Civ.St.

On May 18, 1959, judgment was entered which recited that "the citation issued to the Defendant Neal Mumford has been returned and has not been served, the Plaintiff says that it will not further prosecute its suit against the said Defendant."

The judgment further recited that appellant and Burdett although duly cited

"came not," and a jury having been empaneled found for appellee in the sum of $4,627.29, interest and costs and $750 attorneys' fees.[1] Judgment was rendered dismissing Mumford from the suit and against appellant and Burdett in the amounts above stated.

Appellant has sued out a writ of error to review such judgment.

■ This case must be reversed for the reason that no judgment was taken against the principal, Mumford, and no statutory excuse appears in the record for rendering judgment against appellant and Burdett, admitted sureties, without suing and taking judgment against Mumford.

We quote the pertinent Court Rules and Statutes.

Rule 31, Texas Rules of Civil Procedure,[2] provides:

"No surety shall be sued unless his principal is joined with him, or unless a judgment has previously been rendered against his principal, except in cases otherwise provided for in the law and these rules."

Articles 1986 and 1987, V.A.C.S., provide:

"The acceptor of a bill of exchange, or a principal obligor in a contract, may be sued either alone or jointly with any other party who may be liable thereon; but no judgment shall be rendered against a party not primarily liable on such bill or other contract, unless judgment be also rendered against such acceptor or other principal obligor, except where the plaintiff may discontinue his suit against such principal obligor as hereinafter provided." (1986).

"The assignor, indorser, guarantor and surety upon a contract, and the drawer of a bill which has been accepted, may be sued without suing the maker, acceptor or other principal obligor, when the principal obligor resides beyond the limits of the State, or where he cannot be reached by the ordinary process of law, or when his residence is unknown and cannot be ascertained by the use of reasonable diligence, or when he is dead, or actually or notoriously insolvent." (1987).

Art. 2088, V.A.C.S., provides:

"Where a suit is discontinued as to the principal obligor, no judgment can be rendered therein against an indorser, guarantor, surety or drawer of an accepted bill who is jointly sued, unless it is alleged and proved that such principal obligor resides beyond the limits of the State, or in such part of the same that he cannot be reached by the ordinary process of law, or that his residence is unknown and cannot be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent."

Art. 6252, V.A.C.S., provides:

"The remedy provided for sureties by this title extends to endorsers, guarantors, drawers of bills which have been accepted, and every other suretyship, whether created by express contract, or by operation of law."

Under the above rules and statutes it was incumbent upon appellee to account for his failure to take judgment against Mumford by alleging and proving one of the exceptions contained in Arts. 2088 and 1987, supra. 20–B Tex.Jur., Guaranty, Secs. 59 and 60.

1. The statement of facts reflects and appellee concedes that the trial was nonjury.

2. Rule 31 is taken from former Art. 6251, R.C.S. (1925), the difference being that in the statute the last clause read, "except in the cases otherwise provided for in the law relating to parties to suits."

Appellee does not question this statement of the law, but contends that it should be presumed, in the absence of a contradictory or inconsistent record, that the dismissal was in accordance with Art. 2088. Thomas v. State Life Insurance Company, 123 S.W.2d 385, Dallas Court of Civil Appeals, is cited to support this contention. We need not discuss that case because it is distinguishable. In that case there was not, as here, a statement of facts.

The statement of facts in this case contains no evidence relating to any of the exceptions mentioned in Arts. 2088 and 1987.

 Appellee copies in its brief a letter from the Sheriff of Travis County relating to his attempted service on Neal Mumford. Appellant challenges our right to consider this letter because it is not in the record. We sustain this challenge.

The record before us contains no reason for the failure to procure service on Neal Mumford.

We are familiar with the rule that we should indulge all legitimate presumptions in favor of the proceedings below. 4 Tex.Jur. 2, Sec. 774. Such presumption, however, cannot, in our opinion, be employed to supply evidence on an issue necessary to be established. If this were true then no case could be reversed for want or insufficiency of the evidence, because the reviewing court could, if appellee is correct, simply presume the existence of evidence, albeit not found in the record, to sustain the judgment.

In the absence of the pleading and proof expressly required by Art. 2088, and by implication by Art. 1987, the judgment against the guarantors should be reversed. First National Bank v. Thurmond, 159 S.W. 164, Fort Worth Court of Civil Appeals.

Appellant asks that we reverse and render judgment in his behalf for the reason that it appears from the undisputed evidence and pleadings that appellee's claim is barred by the four year statute of limitations.

This is correct, however it is suggested by appellee that there may be facts capable of proof which would toll the statutes. Accordingly, we refrain from rendering judgment and reverse and remand this cause.

Reversed and remanded.