Earl BROWN et al., Appellants,

v.

STANDARD CIGARETTE SERVICE, INC., Appellee.

No. 6988.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 17, 1960.

Chas. H. Dean, Plainview, for appellants.

Harris E. Lofthus, Amarillo, for appellee.

NORTHCUTT, Justice.

The Standard Cigarette Service, Inc., as plaintiff, brought this suit against James Webster, as principal, and Earl Brown, Alex Luster, Cleo Barley, George W. Lane, Jr., and J. D. Lockhart, as sureties, as defendants. Plaintiff alleged that on or about the 29th day of May, 1954, the plaintiff employed the defendant, James Webster, as employee for the purpose of keeping and selling merchandise furnished to him by the plaintiff and to collect and receive and remit to the plaintiff money received by the said Webster, and then alleged that Webster failed to account to the plaintiff for the total sum of $1,897.94. Plaintiff sought to recover judgment for the sum of $1,897.94 as against James Webster, as principal, and against the other defendants as sureties. The case was tried to the Court without a jury, and after hearing the pleadings read and evidence introduced, the Court granted judgment in favor of the plaintiff as against all of the sureties. The judgment further provided that no service was had upon the defendant, James Webster, and that on the motion of the plaintiff for a nonsuit as to Webster that a nonsuit was granted as requested by the plaintiff as to James Webster.

From this judgment, the defendants, Earl Brown, Alex Luster, Cleo Barley, George W. Lane, Jr., and J. D. Lockhart, duly accepted and gave notice of appeal and are now before this Court upon one point of error as follows:

"The court erred in granting and rendering judgment against the defendants herein, who were only sureties upon the contract upon which this suit was instituted, over the objection of such defendants, when the plaintiff took a dismissal and nonsuit against the principal obligor on such contract without discharging the legal requirements of pleading and proving that the principal obligor was a nonresident of the State of Texas, or any other condition permitting judgment against sureties without judgment against the principal obligor."

The appellants rely upon Art. 2088 of the Vernon's Ann. Revised Civil Statutes of the State of Texas and also Rule 163 of Vernon's Annotated Texas Rules of Civil Procedure. Said Art. 2088 provides as follows:

"Where a suit is discontinued as to the principal obligor, no judgment can be rendered therein against an indorser, guarantor, surety or drawer of an accepted bill who is jointly sued, unless it is alleged and proved that such principal obligor resides beyond the limits of the State, or in such part of the same that he cannot be reached by the ordinary process of law, or that his residence is unknown and cannot be ascertained by the use of reasonable diligence, or that he is dead or actually or notoriously insolvent."

It is the contention of the appellee that this article does not apply in the case because it refers to an "accepted bill". It is evident under this record that if said article does apply that the appellee did not comply with the requirements of said article. It is true the appellee pleaded in his original petition that Webster resided

in Lubbock County, Texas, and by his first admitted original petition he alleged that Webster resided in the State of Colorado, but there was no attempt whatever to introduce any evidence that he resided in the State of Colorado. Said article provides that in a case of this kind that if Webster did reside in Colorado that it was necessary for the appellee to allege and prove residence in Colorado, which was not done.

Rule 163 provides as follows:

"When it will not prejudice the other defendants, the court may permit the plaintiff to discontinue his suit as to one or more of several defendants who were served with process, or who have answered, but no such discontinuance shall in any case, be allowed as to a principal obligor, except in the cases provided for in Art. 2088 of the Revised Civil Statutes of Texas."

We think that it is plain under Rule 163 that the appellee could not take a nonsuit as to the principal obligor unless Art. 2088 did apply because said rule provides that no discontinuance shall in any case be allowed as to a principal obligor except as provided under Art. 2088.

It is stated in the case of First National Bank of Merkel v. Thurmond et al., Tex. Civ.App., 159 S.W. 164, 165, as follows:

"We are of the opinion that this statute is mandatory, and that, in the absence of a pleading alleging the facts required by the statute, the judgment must be reversed."

Johnson v. J. R. Watkins Company, Tex. Civ.App.., 337 S.W.2d 477.

So far as this article is concerned, the appellee did not attempt to bring itself within the terms thereof. Then since that is the only way that the appellee could take a nonsuit as to the principal obligor, the appellee could not take judgment against the sureties. Judgment of the trial court is reversed and remanded.