**Robert H. HUGHES, Appellant,**

**v.**

**The ATLANTIC REFINING COMPANY et al., Appellees.**

**No. 289.**

Court of Civil Appeals of Texas.

Tyler.

June 1, 1967.

Rehearing Denied June 29, 1967.

Holloway & Hunt, Pat S. Holloway, Dallas, B. R. Reeves, Palestine, Tex., Robert H. Hughes, Dallas, for appellant.

Walter B. Morgan and Dillard Baker, Houston, for appellee, Humble Oil & Refining Co.

George K. Gilbert, Cecil C. Cammack, George Conger, Bartlesville, Okl., Spruiell, Lowry, Potter, Lasater & Guinn, Charles F. Potter, Tyler, for appellee Cities Service Oil Co.

Ramey, Brelsford, Flock & Devereaux, Tom B. Ramey, Jr., and Frank L. McClendon, Tyler, for appellees, The Atlantic Refining Co. and Amerada Petroleum Corp.

Shank, Irwin, Conant & Williamson, Ralph B. Shank, Dallas, for appellee Hunt Petroleum Corp.

SELLERS, Justice.

Robert H. Hughes, appellant, filed his application with the County Surveyor of Henderson County for the purpose of establishing that the lands described in said application were vacant lands, this application being provided for in Article 5421c. Vernon's Ann.Tex.St. Section 6(c) and (d) of this article provides:

"(c) Any applicant who claims that a vacancy exists and desires to lease or purchase same shall file in duplicate with the County Surveyor of the county in which any part of the land is situated a written application to purchase or lease, describing the land claimed to be a vacancy, and stating that he desires to purchase or lease same under the provisions of this Act. The application shall also state the names and addresses of all owners or claimants of land or any interest therein and of leases of any character thereon, adjoining, overlapping, or including the land claimed to be vacant, so far as the same may be ascertained from the records of the General Land Office, and of the office of the County Clerk of the county in which the land is located and from the tax rolls of such county. The application shall also state the names and addresses of all persons who, from facts known to the applicant, assert any right to said alleged vacant land, and same shall be sworn to and shall state the applicant knows of no other claimants than those listed.

"* * *

"Upon filing of any such application with the Commissioner and upon the making of the required deposit as provided for herein, the Commissioner shall forthwith cause a notice of intention to survey to be mailed to all persons named in the application as interested persons, and at the addresses given therein, and to the Attorney General of Texas. The notices shall be deposited in the Post Office at Austin, Texas, at least ten (10) days prior to the date fixed for the beginning of such survey.

"The Commissioner shall appoint a surveyor to make a survey in accordance with the notice. Such surveyor shall be a surveyor licensed by the State, or the County Surveyor of the County in which the land or a part thereof is situated. The fees and expenses to be paid for such work shall be such as may be fixed by law, or, if not so fixed, then such as the Commissioner and the surveyor may agree upon, but not in excess of such as may be reasonable for the work performed, all of which shall be paid by applicant.

"A written report of the survey with field notes describing the land and the lines and corners so surveyed together with a plat showing the results of such survey shall be filed in the General Land Office within one hundred and twenty (120) days from the filing of the application, unless the time be extended by the Commissioner for good cause shown, which shall be stated in writing and filed as a part of the record of the proceedings, but such extension shall not exceed sixty (60) days. The report shall state the names and the Post-Office addresses of all persons in possession of the land described in the application, and of all persons found by the surveyor to have or claim any interest therein. Any interested party may at his own expense cause any surveying to be done as he deems desirable.

"* * *

"Within sixty (60) days after the surveyor has made his report as provided herein, a hearing may be held before the Commissioner on the date fixed in a notice which he shall give to all persons thought to be interested parties and to all persons shown by the record of the proceeding to be interested parties, including

the Attorney General, to determine whether there is a vacancy. Such notice shall be deposited in the Post Office at Austin, at least ten (10) days prior to the date fixed for such hearing. At the hearing, the State and each interested party, whether or not he received notice, shall have a right to be heard.

"(d) If the Commissioner should decide that the area so alleged to be a vacancy is not vacant, then the Commissioner shall so endorse said application and file it with his finding, and shall promptly notify the applicant of his finding by registered mail, and shall file all reports and papers received in connection with said application, and then shall, take no further steps with respect to same unless the existence of the alleged vacant area shall have been determined by a Court of competent jurisdiction. Thereupon, the applicant's application and all preference rights acquired thereby, to buy, or lease, such alleged vacancy shall become null and void, unless within a period of ninety (90) days after the mailing of such notice the applicant shall file suit in the District Court of the county wherein any part of such land is located, for the purpose of litigating the question of the existence of a vacant unsurveyed area."

In compliance with this statute, the appellant's application named some fifty individuals and corporations whose title would be affected by the establishment of the alleged vacancy. No question is made upon this appeal that the Land Commissioner did not properly comply with his duties in connection with the application by causing all parties to be notified and a survey had by a competent surveyor, the report of the surveyor having been made, and all parties notified by the Commissioner with their right to be heard. The Commisioner found on a hearing that no vacancy existed and so notified appellant or the applicant at the time the decision was made. It will be observed that the decision of the Commissioner denying the vacancy to exist has the effect under the statute of denying all rights of the appellant or applicant as null and void unless the appellant or applicant, within a period of ninety (90) days after the notice of the Commissioner of his decision to appellant, shall file suit in the District Court of the County wherein some part of the land is located for the purpose of litigating the question of the existence of a vacant unsurveyed area.

The appellant filed his suit in the District Court of Henderson County on the 86th day of the 90 days allowed, describing the alleged vacant area as bound by three original surveys, naming them and by naming as parties defendant, the following:

(1) The Atlantic Refining Company

(2) Humble Oil & Refining Company

(3) Cities Service Petroleum Company

(4) Amerada Petroleum Corporation

(5) Hunt Petroleum Company

(6) Josie E. Evans and husband, T. D. Evans

(7) William E. Bruton

(8) Mrs. Zenia Miller

(9) Jerry Sadler as Commissioner of the General Land Office of the State of Texas

(10) The unknown heirs, the unknown stockholders and the unknown beneficial interest holders under any of the above persons or corporations.

Appellant then alleged that the above persons and corporations, together with others who claim or assert some right or interest in the land involved in this suit, constitute a class so numerous as to make it impractical to bring them all before the Court, and Appellant purported to sue the above persons and corporations as a class under Rule 42(a) of the Texas Rules of Civil Procedure as representing all persons asserting or claiming any right or interest in the land claimed to be a vacancy.

The Attorney General duly intervened in behalf of the State and the Land Commissioner asking to be notified of any hearings and the date set for trial in order that the interest of the State of Texas might be protected. This intervenor did not plead further.

The Atlantic Refining Company and other appellees filed in the district court pleas to the jurisdiction and in bar of the suit for the reason that all necessary parties were not named in the petition before the Court. The trial court, after hearing said pleas, sustained the same and dismissed the case for want of necessary parties to the suit. From this ruling of the Court, the appellant has duly prosecuted this appeal.

It is appellant's contention on this appeal that the suit was properly brought against all of the parties named in the application before the Land Commissioner as a class action under Rule 42(a) of the Rules of Civil Procedure of Texas.

It would seem to be settled by the holding in the case of Elms v. Giles, Tex.Civ.App., 173 S.W.2d 264, approved by the Supreme Court, State v. Stanolind Oil & Gas Co., 141 Tex. 446, 174 S.W.2d 588, that all parties to an application for a vacancy filed in the Land Office and a hearing there had are all necessary parties to the suit by an applicant to establish the vacancy in court, that the trial court in that case was correct in dismissing the same for lack of necessary parties. Appellant does not seem to take issue with this holding.

It is appellant's contention that all parties named in the application before the Land Commissioner were parties to appellant's suit because of Rule 42(a) above referred to. There were, however, some 42 parties named in the application before the Land Commissioner who were not named in appellant's petition in the District Court.

Appellant, in his argument, pointed out that the Rules of Civil Procedure to govern the courts of Texas had not been enacted at the time the *Elms* case was decided and therefore the question of appellant's right to a class action was not there decided. However, this court is of the opinion that the question of Rule 42(a) of the Rules of Civil Procedure relied upon by appellant has, since the *Elms* case, been decided against appellant's contention, and that appellant's sole right to file and maintain this suit to establish a vacancy is by virtue of Article 5421c, Section 6(d), and without said statute appellant could not have gone to Court.

The right of a party to rely upon the Rules of Civil Procedure in a case where the right to maintain the suit was solely by force of a statute was before the court in the case of Standard Oil Company of Texas v. Railroad Commission of Texas et al., Tex. Civ.App., 215 S.W.2d 633, and it was there held that the Rules of Civil Procedure have no application in such cases:

> "The suit authorized by Art. 6049c, Sec. 8, is a special proceeding created for the purpose of enforcing 'a right which exists only by operation of statute'. Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 367 and 372. Hence the rules governing civil actions generally apply only in so far as they are not in derogation of the purposes and objectives of the statute. * * *"

We are of the opinion that to allow Rule 42(a) to govern in this case would be in derogation of the law as announced in the *Elms* case that all parties named in the application for the vacancy in the Land Office are necessary parties to the suit to establish a vacancy.

The judgment of the trial court is affirmed.