**Robert H. HUGHES, Petitioner,**

v.

**The ATLANTIC REFINING COMPANY et al., Respondents.**

**No. B–426.**

Supreme Court of Texas.

Feb. 14, 1968.

Rehearing Denied March 20, 1968.

Holloway & Hunt, Pat S. Holloway, Robert H. Hughes, Dallas, B. R. Reeves, Palestine, for petitioner.

Ramey, Brelsford, Flock & Devereux, Frank L. McClendon and Tom Ramey, Jr., Tyler, Dillard Baker and Walter B. Morgan, Houston, Shank, Irwin & Conant, Ralph B. Shank, Dallas, Cecil C. Cammack, George Conger and George K. Gilbert, Bartlesville, Okl., Spruiell, Lowry, Potter, Lasater & Guinn, Charles F. Potter, Tyler, for respondents.

STEAKLEY, Justice.

This is an appeal in a statutory action to establish that certain described lands in Henderson County, Texas, are vacant and subject to lease. The Court of Civil Appeals affirmed the dismissal of the suit by the trial court for want of jurisdiction. 416 S.W.2d 619. We hold that Petitioner's suit invoked the jurisdiction of the district court but is subject to abatement because of the lack of necessary parties; accordingly, we reverse the judgments below and remand the cause.

Article 5421c, Section 6, Vernon's Annotated Texas Civil Statutes, is the governing statute. It does not appear to be disputed that Petitioner complied with its provisions in his application dated February 5, 1962, to the county surveyor of Henderson County and to the Commissioner of the General Land Office to lease the described lands as unsurveyed vacant lands belonging to the public school fund. The statute requires the application to "state the names and addresses of all owners or claimants of land or any interest therein and of leases of any character thereon, adjoining, overlapping, or including the land claimed to be vacant * * * [and] shall also state the names and addresses of all persons who, from facts known to the applicant, assert any right to said alleged vacant land * * *." Petitioner's application listed fifty-two such persons and corporations, and it is not questioned that such named interested parties were duly notified by the Land Commissioner in conformity with the statute. The Commissioner found after hearing that no vacancy existed, and on

July 1, 1965, notified Petitioner of the rejection of his application.

On September 24, 1965, and within ninety days as required by Subsection (d) of the statute, later quoted, Petitioner filed this suit in the district court of Henderson County for the statutory purpose of litigating the question of the existence of the alleged vacant unsurveyed lands. He named the following as defendants in the suit:

(1)  The Atlantic Refining Company

(2)  Humble Oil & Refining Company

(3)  Cities Service Petroleum Company

(4)  Amerada Petroleum Corporation

(5)  Hunt Petroleum Company

(6)  Josie E. Evans and husband, T. D. Evans

(7)  William E. Bruton

(8)  Mrs. Zenia Miller

(9)  Jerry Sadler as Commissioner of the General Land Office of the State of Texas

(10)  The unknown heirs, the unknown stockholders and the unknown beneficial interest holders under any of the above persons or corporations.

The State of Texas was also named as a party defendant, and both the Attorney General of Texas and the Commissioner of the General Land Office were served with citation. Petitioner did not specifically name forty-two of the persons previously listed in his application to the county surveyor and to the Commissioner of the General Land Office as asserting rights to the alleged vacant lands. Instead, Petitioner alleged the following: "The above named persons, entities and corporations [those listed above], together with others who may claim or assert some right or interest in the lands involved in this suit, constitute a class so numerous as to make it impractical to bring them all before the Court. The rights sought to be enforced in this suit by Plaintiff against such class are of the character specified in Rule 42(a) of the Texas Rules of Civil Procedure. The above named persons * * * will fairly insure the adequate representation of the class constituting all persons asserting or claiming any right or interest of any character whatsoever in any of the lands involved in this suit, and this suit is brought against the above named persons, entities and corporations, both individually and as representatives of such class."

Some of the named defendants filed formal answers; others originally filed pleas in abatement alleging the absence of necessary parties which pleas were subsequently amended to include motions to dismiss for want of jurisdiction; still other defendants originally filed motions to dismiss and pleas in abatement. The motions to dismiss the suit for want of jurisdiction were granted by the district court, and the suit was dismissed. As mentioned, the Court of Civil Appeals affirmed this action of the trial court.

Subsection (d) of Section 6 of Article 5421c provides:

"(d)  If the Commissioner should decide that the area so alleged to be a vacancy is not vacant, then the Commissioner shall so endorse said application and file it with his finding, and shall promptly notify the applicant of his finding by registered mail, and shall file all reports and papers received in connection with said application, and then shall take no further steps with respect to same unless the existence of the alleged vacant area shall have been determined by a Court of competent jurisdiction. Thereupon, the applicant's application and all preference rights acquired thereby, to buy, or lease, such alleged vacancy shall become null and void, unless within a period of ninety (90) days after the mailing of such notice the applicant shall file suit in the District Court of the county wherein any part of such land is located, for the

purpose of litigating the question of the existence of a vacant unsurveyed area."

Under these statutory provisions, a rejected applicant may keep the vacancy application alive for determination by a court of competent jurisdiction by the act of filing suit within ninety days in the district court where the lands are located. The court is thereupon vested with jurisdiction of the subject matter of the cause. Jurisdiction is acquired by the filing of the petition where the subject matter of the suit is within the jurisdiction of the court. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063, at p. 1069. "With us the petition is the commencement of the suit." Little v. Marler, 8 Tex. 107, at p. 109. "The suit was filed when the petition was filed with the clerk." Powers v. Temple Trust Company, 124 Tex. 440, 78 S.W.2d 951, at p. 952. There is no claim that Petitioner's suit naming as defendants the State and the more substantially interested parties was a sham or lacking in bona fides. Cf. Russell v. Taylor, 121 Tex. 450, 49 S.W.2d 733, at p. 737. The statute does not prescribe as a condition to the attachment of jurisdiction of the subject matter of a suit filed in the proper district court that all parties named in the vacancy application, or all who might otherwise be necessary parties, shall be named in the petition at the time the suit is filed or within ninety days of the adverse finding of the Commissioner. There is no reasonable basis for reading such jurisdictional limitations into the statute by implication. The most that can properly be said is that a vacancy appeal suit otherwise in conformity with the express requirements of the statute is subject to abatement pending the naming of all necessary parties and the acquisition of personal jurisdiction over them. Such is the situation here. Article 5421c does not specify the parties against whom the authorized suit is to be filed.[1] Nor is it expressly stated that there shall be parties defendants. So it is obvious that these essential requirements must be read into the statute, and logic leads to the conclusion that the parties who are required to be named in the vacancy application are necessary parties in the statutorily authorized suit unless they have disposed of their interest. Elms v. Giles, 173 S.W.2d 264, 269 (Tex.Civ.App. Texarkana 1943), the opinion in which was approved by this Court, 141 Tex. 446, 174 S.W.2d 588. It would be anomalous to say otherwise. Such parties were originally named by the applicant because they were asserting rights in the alleged vacant lands. A party whose interest is such that he is required by the statute to be named in the vacancy application as entitled to receive notice and to be heard cannot be otherwise than a necessary party in the statutory suit to litigate the question of the existence of vacancy. As to these parties, the class action procedure authorized by Rule 42(a) may not be utilized.

It is here that Respondents urge a fatal infirmity in Petitioner's suit. They argue that since the petition did not name forty-two of the parties named by Petitioner in his vacancy application, the statutory suit as to these unnamed but necessary parties was not filed within ninety days, from which it follows that the application became null and void under Subsection (d). But as we have held, this would impose a jurisdictional limitation not found in the statute; moreover, were the statute so construed, an omission of only one of the application-named parties within the ninety days, inadvertently or otherwise, would defeat the right to court determination of the vacancy question. We do not believe this to have been the legislative intent. The more reasonable construction of the statute is that the filing of a bona fide suit within the ninety-day period vests the court with jurisdiction of the subject matter with the usual power in the court to decide the question of necessary parties and to abate the suit until all are made parties defendant.

1. Subsection (j) requires service of a copy of the petition upon the Attorney General and the Land Commissioner within thirty days.

**626**

The cause is remanded to the trial court for this purpose.

█ In this connection, and although the full question is not ripe for decision at this stage, it should be noted that the record reflects that the lands claimed to be vacant were included in what is identified as the Fairway Field Unit under an agreement entered into on October 1, 1963, a point in time between the filing of Petitioner's application for lease of the alleged vacant lands on February 2, 1962, and the filing by Petitioner of this suit on September 24, 1965. Petitioner filed a sworn pleading on May 11, 1966, labeled "Plaintiff's Answer to Defendants' Dilatory Pleas" in which he alleged that "Plaintiff does not know exactly how many royalty owners, mineral owners, owners of overriding royalty interests, and surface owners exist in the Fairway Field Unit, but Plaintiff believes there are in excess of 5,000 thereof and knows there are more than 1,000 thereof. All the owners of working interests, royalty interests mineral interests and overriding royalty interests in the Fairway Field Unit Area are or may be necessary parties to this suit. * * *" Whatever may be the ruling of the trial court upon these matters following the ordered remand of this cause for the reasons we have stated, we here hold in the interest of expedition of the proceedings that utilization of the Rule 42(a) class action procedure as to these intervening developments is not precluded by our ruling that such is inapplicable to those parties named by Petitioner in his vacancy application, all of whom we have held are necessary parties defendant. This is a matter addressed to the judgment of the trial court and thereafter subject to appellate review. See in this connection Matthews v. Landowners Oil Association, 204 S.W. 2d 647 (Tex.Civ.App.-Amarillo 1947, writ ref'd n.r.e).

The judgments below are reversed and the cause is remanded to the trial court with instructions to reinstate the suit for further proceedings not inconsistent with this opinion.