Reversia H. BEASLEY, Appellant,

v.

Geri REIGER, Appellee.

No. 4805.

Court of Civil Appeals of Texas.

Waco.

April 17, 1969.

Evans, Marshall, Graham & Ribak, San Antonio, for appellant.

Prickett, Tracy & Cook, San Antonio, for appellee.

## OPINION

WILSON, Justice.

Judgment was rendered dismissing plaintiff's suit for damages. Dismissal was based on Rule 143, Texas Rules of Civil Procedure. The judgment recites the court had entered an order ruling plaintiff for costs, and plaintiff had failed to timely give security, deposit cash or file a pauper's affidavit.

Defendant's motion to rule plaintiff for costs was set for hearing on March 12. On March 20 an order was entered reciting that plaintiff had been given notice of the motion, had not given security for costs, and was thereby ruled for costs. The latter order was approved and agreed to by plaintiff's attorney.

The record presented consists of the documents referred to above, and the pleadings. Petitioner's brief asserts plaintiff had paid a filing fee and had sufficient money on deposit with the clerk to pay all accrued costs at the time of dismissal. There is nothing in the record to substantiate this statement except a certified copy of what appears to be a sheet from the clerk's fee docket or account book. This sheet purports to reflect several payments by plaintiff's counsel, showing dates and amounts, but without any indication of their purpose. The fee docket or account book is not a part of the record, and may not be considered. Castro v. Illies, 11 Tex. 39; Stark v. Ellis, 69 Tex. 543, 7 S.W. 76; Fairbanks v. Gossett, Tex.Civ.App., 114 S. W.2d 930; Azopardi v. Hollebeke, Tex. Civ.App., 428 S.W.2d 167 and cases cited; Restelle v. Williford, Tex.Civ.App., 364 S.W.2d 444, writ ref. n. r. e.

The bill of costs, however, is properly considered, since it is specifically designated as a part of the transcript on appeal by Rule 376, Texas Rules of Civil Procedure. It shows costs accrued to the time the judgment of dismissal was rendered which appear to be in excess of the amount petitioner claims to have then been on deposit as security for costs. But whether this be true or not, the record does not show that the cause was improperly dismissed. The burden to make this showing is on petitioner.

Petitioner then asserts the dismissal was without notice. There is nothing in

the record to support this assertion, as to which the burden is also on petitioner. Defendant made no effort to have the cause reinstated.

Affidavits and letters are appended to respondent's brief, and a letter, not introduced in evidence or included in a bill of exception, is included in a supplemental transcript. They are not a part of the record and may not be considered. Rosenfeld v. Steelman (Tex.Sup.1966) 405 S.W.2d 301, 303; Weir-Martin Implement Co. v. Rice, Tex.Civ.App., 44 S.W.2d 1006; Johnson v. J. R. Watkins Company, Tex.Civ. App., 337 S.W.2d 477; Ficklin v. Strickland, Tex., 13 S.W. 272; Hamilton v. Saunders, 37 Tex.Civ.App. 141, 84 S.W. 253; Freeman v. Anderson, Tex.Civ.App., 119 S.W.2d 1081.

Affirmed.