**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Dora WILSON, Appellee.**

**No. 8167.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 21, 1978.

Rehearing Denied Oct. 12, 1978.

Max P. Flusche, Asst. Atty. Gen., Austin, for appellant.

Louis Dugas, Orange, for appellee.

CLAYTON, Justice.

The Texas Alcoholic Beverage Commission appeals from an order of the District Court overruling its "Motion for new trial or motion to set aside judgment."

This action was filed in the District Court appealing from and seeking a review of an order of the County Judge denying appellee's application for a "retail dealers on-premises" permit. Appellee timely filed her petition in the District Court on December 13, 1977.

The citation served upon appellant in Austin shows it was received by the sheriff on the 21st day of December 1977 at 9:30 a. m. and served upon appellant at 10:05 a. m. on the 22nd day of December 1977. The sheriff's return was filed in the District Clerk's office at 8:30 a. m. January 9, 1978. The citation served upon appellant commanded its appearance by filing a written answer "at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof . ." in accordance with the provisions of *Tex.R. Civ.P. 101.* The citation and petition served upon appellant did not contain a fiat setting forth the date and time set for hearing appellee's appeal from the County Judge's order.

The hearing on appellee's appeal in the trial court was held on December 22, 1977. Appellant made no appearance, and judgment was entered by the trial court on December 27, 1977, vacating the order of the County Court and ordering appellant to issue a permit and license as prayed for in her petition.

 Appellee filed in this court a motion for leave to file a supplemental transcript. This motion has not been granted, and the purported supplemental transcript has not been filed and is not properly before this court. Such requested supplemental transcript contains nothing more than an affidavit of the trial judge, executed on June 6, 1978, stating:

"A hearing on the Petition on Appeal was set on the 22nd day of December, 1977, and on December 13, 1977, the date the Petition on Appeal was filed, I personally made a telephone call to the Beaumont Office of Texas Alcohol[ic] Beverage Commission and advised that the Petition on Appeal had been filed by Dora Wilson and that a hearing would be had on the 22nd day of December, 1977. On the same date, December 13, 1977, my Clerk Mickey Litton, made a telephone call, not only to the Beaumont office of Texas Alcoholic[ic] Beverage Commission, but to Austin and advised that a hearing on the Petition on Appeal would be had on the 22nd day of December, 1977."

This "supplemental transcript," not being properly before this court, cannot be considered. Even though the supplemental transcript be considered, the affidavit of the trial court cannot be considered. *Tex. R.Civ.P. 376* specifically sets forth instruments which shall be included in the transcript, and the same should be adhered to strictly. This affidavit of the trial judge setting forth evidentiary matters is not a proper instrument to be included in the transcript. See *Goetz v. Goetz,* 534 S.W.2d 716 (Tex.Civ.App.—Dallas 1976, no writ); *Davis v. Davis,* 521 S.W.2d 952, 954 (Tex. Civ.App.—Fort Worth 1975, no writ); *Tejas Trial Property Owners Association v. Holt,* 516 S.W.2d 441 (Tex.Civ.App.—Fort Worth

1974, no writ); *Rotello v. State of Texas,* 492 S.W.2d 347 (Tex.Civ.App.—Houston [1st Dist.]), writ ref'd n. r. e. per curiam, 497 S.W.2d 290 (Tex.1973); *Beasley v. Reiger,* 441 S.W.2d 957 (Tex.Civ.App.—Waco 1969, no writ).

■ In this State, it is well settled that appellee's filing of her petition with the clerk of the proper court commenced this suit and vested that court with subject matter jurisdiction of the suit. *Tex.R.Civ.P. 22; Hughes v. Atlantic Refining Company,* 424 S.W.2d 622 (Tex.1968); *Cleveland v. Ward,* 116 Tex. 1, 285 S.W. 1063 (1926). However, the court does not have personal jurisdiction over appellant (defendant) until it has been served with process. *Lawler v. Neathery,* 509 S.W.2d 453 (Tex.Civ.App.—Amarillo 1974, no writ); *Gunter's Unknown Heirs and Legal Rep. v. Lagow,* 191 S.W.2d 111, 113 (Tex.Civ.App.—Austin 1945, writ ref'd); *A. J. Hill Co. v. Tex-Tan of Yoakum,* 235 S.W.2d 945 (Tex.Civ.App.—Galveston 1951, writ dism'd). Unless the case is one in which constructive or substituted service is authorized, personal service is indispensable and jurisdictional. *Erwin v. Holliday,* 131 Tex. 69, 112 S.W.2d 177 (1938); *Crawford v. Brown,* 507 S.W.2d 574 (Tex.Civ.App.—Beaumont 1974, no writ).

■ In our case under review, assuming arguendo that the affidavit of the trial judge could be considered, at the time the trial court gave oral notice of the scheduled hearing on appellee's appeal, citation had not been served upon appellant, and jurisdiction over appellant had not been obtained. Jurisdiction over appellant could not be obtained by giving of such notice. We do not say that a written order scheduling such hearing could not legally be signed by the trial court, but such an order could have no legal effect until it was served upon appellant subsequent to jurisdiction having attached. Such a written order must necessarily be served upon appellant either with, at the time of, or subsequent to the service of citation.

■ In view of the foregoing authorities, at the time of giving of the oral notice to appellant of the date of the scheduled hearing, the court had no jurisdiction over appellant, and such notice was of no legal effect. Jurisdiction over the person of appellant did not attach until citation was served upon appellant. Appellant did not, at any time subsequent to service of citation, receive any type of notice of the time for the hearing, and, in the absence of such notice, appellant was deprived of the right to be present and to have its day in court.

■ There are other reasons for reversing the trial court's judgment. The citation served upon appellant on the day of the hearing conducted by the trial court was issued pursuant to and containing the prerequisites of *Tex.R.Civ.P. 101.* This citation commanded the appellant to "appear by filing a written answer to plaintiff's petition at or before 10 o'clock a. m. of the Monday next after the expiration of 20 days after the date of service thereof. . . ." Appellant, in obedience to this citation, timely filed its answer. Appellant had no valid notice that a hearing would be held prior to appearance day as stated in the citation. Any judgment entered before the time at which a defendant is commanded by the citation to appear and answer is erroneous and must be set aside. See *Andrus v. Andrus,* 168 S.W.2d 891 (Tex.Civ.App.—Eastland 1943, no writ). Even though we are of the opinion the citation required by *Tex.R.Civ.P. 101* is not the proper process to be served in this type of proceeding, it was the only process served upon appellant, and it complied with the commands of such process. The proceedings in this case are special proceedings in that the *Tex. Alcoholic Beverage Code Ann., § 11.67* (1978), specifically provides that "the case shall be tried before a judge within 10 days from the date it is filed." This time limit has been held to be mandatory. See *Cook v. Spears,* 524 S.W.2d 290 (Tex.1975); *Texas Alcoholic Beverage Commission v. Navy Club, U.S.A. Alamo Ship 106,* 533 S.W.2d 475 (Tex.Civ.App.—Tyler 1976, writ ref'd n. r. e.). Since the case must be tried within 10 days from the date it is filed, then any process served upon the defendant must make the appearance day within the time

limits of the statutory time for hearing. Such process was not served upon appellant.

For the reasons stated, the judgment of the trial court must be reversed. To remand the case would serve no practical purpose in view of the decisions in *Cook v. Spears, supra,* and *Texas Alcoholic Beverage Commission v. Navy Club, supra.* Therefore, the proper judgment by this court is to reverse the judgment of the trial court, and, under the authority of *Texas Alcoholic Beverage Commission v. Navy Club, supra,* the judgment of the trial court is vacated.

REVERSED, and judgment of the trial court is vacated.