TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00428-CV







Texas Alcoholic Beverage Commission, Appellant



v.



Richard and Donna Wilson d/b/a Riley's Tavern, Appellees








FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT


NO. C98-664B, HONORABLE CHARLES RAMSAY, JUDGE PRESIDING








 The Texas Alcoholic Beverage Commission (the "Commission") appeals from a
district-court judgment that reverses a Commission order denying Richard and Donna Wilson's
application for an alcoholic-beverage license. We will reverse the district-court judgment and
dismiss the appeal.


THE CONTROVERSY


 After the Commission denied their application for a beer-and-wine license, the
Wilsons filed in district court, on August 12, 1998, their "Original Petition Appealing Refusal of
Alcoholic Beverage License." Therein, the Wilsons prayed that the court set the cause for hearing
within ten days, that the Commission order denying their application be set aside on legal grounds
specified in the petition, and that their application for the license be granted.

 Afterward, the Wilsons filed in the district court their "First Amended Original
Petition Appealing Refusal of Alcoholic Beverage License." Therein, they alleged additional
grounds for the requested relief, which remained the same in the amended petition.

 The Commission appeared in the cause by an "Original Answer and Plea to the
Jurisdiction" filed September 21, 1998. The Wilsons responded to the Commission's pleading
in a "Second Supplemental Petition" filed on October 29, 1998. On the same day, the cause was
heard on the merits in district court.

 The final order, signed by the trial judge on June 18, 1999, declares that the cause 
tried October 29, 1998, that the parties appeared through their respective attorneys, and that
"judgment is rendered for the [Wilsons] that the . . . Commission shall immediately issue the
license made the subject of this appeal." The effect of the court's final order is to reverse or set
aside the Commission order denying the Wilsons' application and to require the Commission to
issue the license.


DISCUSSION AND HOLDINGS


 The suit in district court was authorized and governed by section 11.67 of the Texas
Alcoholic Beverage Code, which provides as follows:


Sec. 11.67. Appeal from Cancellation, Suspension, or Refusal of License or
Permit.


(a) An appeal from an order of the commission . . . refusing . . . a permit or
license may be taken to the district court of the county in which the applicant
. . . resides.


(b) The appeal shall be under the substantial evidence rule and against the
commission alone as defendant. The rules applicable to ordinary civil suits
apply, with the following exceptions, which shall be construed literally:


 . . . .


 (2) the case shall be tried before a judge within 10 days from the date it is
filed.



Tex. Alco. Bev. Code Ann. § 11.67 (West 1995).

 The district court's jurisdiction to review and set aside or reverse the Commission's
order in cases like the present derives solely from section 11.67. Trials conducted more than ten
days after filing of an "appeal" under section 11.67 are void. See Cook v. Spears, 524 S.W.2d
290, 291-92 (Tex. 1975); see also Cook v. Walker, 529 S.W.2d 762, 762-63 (Tex. 1975).

 The filing of the Wilsons' original petition on August 12, 1998, commenced the
"case" or cause and vested the district court with subject-matter jurisdiction. See Tex. R. Civ.
P. 22; Texas Alco. Bev. Comm'n v. Wilson, 573 S.W.2d 832, 835 (Tex. Civ. App.--Beaumont
1978, writ ref'd n.r.e.). The district court's power to try the case, under the literal language of
section 11.76(b)(2), expired ten days afterward.

 The final judgment rendered by the district court declares the case was tried on the
merits on October 29, 1998, or a date some seventy-four days after the case was filed on August
12, 1998. Not having been set aside within the time required by the only statute giving the court
authority to do so, the Commission's order became final and enforceable before the district court
rendered judgment.

 We therefore reverse the district-court judgment and dismiss the appeal, leaving
the Commission order in effect as if no appeal had been taken to the district court.



 


 John E. Powers, Justice

Before Chief Justice Marilyn Aboussie, Justices Kidd and Powers*

Reversed and Dismissed

Filed: May 31, 2000

Publish
















* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



clares that the cause 
tried October 29, 1998, that the parties appeared through their respective attorneys, and that
"judgment is rendered for the [Wilsons] that the . . . Commission shall immediately issue the
license made the subject of this appeal." The effect of the court's final order is to reverse or set
aside the Commission order denying the Wilsons' application and to require the Commission to
issue the license.


DISCUSSION AND HOLDINGS


 The suit in district court was authorized and governed by section 11.67 of the Texas
Alcoholic Beverage Code, which provides as follows:


Sec. 11.67. Appeal from Cancellation, Suspension, or Refusal of License or
Permit.


(a) An appeal from an order of the commission . . . refusing . . . a permit or
license may be taken to the district court of the county in which the applicant
. . . resides.


(b) The appeal shall be under the substantial evidence rule and against the
commission alone as defendant. The rules applicable to ordinary civil suits
apply, with the following exceptions, which shall be construed literally:


 . . . .