The AETNA CASUALTY AND SURETY
COMPANY, Plaintiff,

v.

Richard Curtis HUGHES, Respondent.

No. B–3980.

Supreme Court of Texas.

June 27, 1973.

Rehearing Denied July 25, 1973.

Fulbright, Crooker & Jaworski, Thomas P. Sartwelle, Houston, for petitioner.

Helm, Jones & Fletcher, Richard P. Hogan, Houston, for respondent.

PER CURIAM.

This is a workmen's compensation case in which an employee, Richard Hughes, was injured in the course of his employment with Bay City Drilling Company on July 12, 1963, while operating a tractor with a mowing device referred to as a "brush hog." Hughes fell from the tractor when it hit a rut. The tractor wheels and then the "brush hog" passed over his body, the force of the impact finally stalling the "brush hog" and pinning him underneath it.

The seriousness of the resulting injuries is evident from the following recitation: Part of the ankle bone on his left leg was shaved away by the "brush hog"; part of the left foot was cut away from the heel to the toe; a tendon in his left leg was severed; his right leg was set in a cast from the hip to the foot and the bones in that leg were stabilized by the insertion of chromium pins; his back, shoulders, and neck were injured; he received lacerations over most of his body; an injury to his left eye caused the eye to close; and injury to his nose resulted in a deviated septum.

Hughes was initially hospitalized for three months during which time numerous operations were performed on him. He has had to return to the hospital several times. He developed a bone infection in his right leg that was diagnosed as osteomyelitis which necessitated the amputation of his leg below the knee on October 31, 1967. As of the date of the trial, he had not returned to work since the accident.

Although Hughes received these disabling injuries in July, 1963, he did not file a claim for compensation benefits until October, 1964. The jury found that Hughes' belief from July, 1963, to October, 1964, that his injuries and conditions would improve was good cause for his failure to file his claim within the six months' period required by Vernon's Tex.Rev.Civ.Stat. Ann. art. 8307 § 4a (1967). Upon this and

other findings, the trial court rendered judgment for Hughes. The Court of Civil Appeals has affirmed. 492 S.W.2d 690.

On cross-examination, Hughes was asked why he delayed filing his claim and he answered:

A   I was only aware that the doctor kept telling me I was going to be better.

Q   You were, of course, aware from the beginning, were you not, Mr. Hughes, that you had sustained very serious injuries?

A   That I was lucky to have lived, yes.

Q   And that you were in the hospital initially for three months?

A   Yes, sir.

Q   And that even up to the time of the filing of your claim for compensation you hadn't been able to return to work for even as much as one day?

A   Right.

It must be said of this case what was said in Texas Employers' Ins. Ass'n v. Portley, 153 Tex. 62, 67, 263 S.W.2d 247, 250 (1953):

[T]he plaintiff had a manifestly serious and disabling condition of which he was fully aware. At the very least, it was a condition which we hold should and would have led any reasonably prudent person under the same or similar circumstances to protect his rights by filing his claim.

Because the decision of the Court of Civil Appeals is in conflict with Texas Employers' Ins. Ass'n v. Portley, *supra*, and Copinjon v. Aetna Casualty and Surety Co., 242 S.W.2d 219 (Tex.Civ.App.—San Antonio, 1951, writ ref'd), the judgments of the trial court and Court of Civil Appeals are reversed under Tex.R.Civ.P. 483, and judgment is here rendered that Respondent take nothing.