**R. G. LLAST, Appellant,**

v.

**John EMMETT, Appellee.**

**No. 841.**

Court of Civil Appeals of Texas, Tyler.

July 31, 1975.

Rehearing Denied Aug. 28, 1975.

Robert O'Donnell, Andress, Woodgate & Lodewick, Wm. Andress, Jr., Dallas, for appellant.

John L. Burke, John Emmett, Dallas, for appellee.

McKAY, Justice.

John Emmett, an attorney brought suit against R. G. Llast for recovery of attorneys' fee for legal services performed by Emmett for Llast. Llast filed an answer but neither Llast nor his attorney appeared for trial, and the trial court, without a jury, proceeded to trial, heard evidence, and rendered judgment for Emmett for $2,853.50 plus $600 attorneys' fee.

The appeal is before this Court on Petition for Writ of Error by Llast. We affirm.

The trial was had on June 12, 1974. The judgment was signed by the court on July 8, 1974. Before the judgment was signed, to-wit, June 27, 1974, Petitioner Llast filed a Motion to Vacate Judgment Nihil Dicit alleging the court erred in proceeding to trial in the absence of his attorney. The motion to vacate was not acted upon by the court, and judgment was signed as noted above.

■ Petitioner brings five points of error. In his first point he complains that the trial court erred in signing the judgment with the motion to vacate pending. We overrule this point. Petitioner's motion, which he titled "Motion to Vacate Judgment Nihil Dicit" contained this prayer: "WHEREFORE, Premises Considered, De-

fendant prays that the Court vacate its verdict and that the matter be set for trial and that the Defendant be permitted his day in Court." In determining the nature of an instrument we must look at its substance and not its caption. *Mercer v. Band,* 454 S.W.2d 833 (Tex.Civ.App.—Houston 14th, 1970, no writ). It is without question that the instrument was in its nature a motion for new trial seeking to vacate or set aside a judgment or verdict and to have a new trial. Since it was filed before the judgment was signed and entered it was "deemed to have been filed on the date of but subsequent to the rendition of the judgment the motion assails * * *." Rule 306c, Texas Rules of Civil Procedure. The record does not disclose any action by the trial court on the motion, and under Rule 329b, T.R.C.P., such motion was overruled by operation of law 45 days after the date of rendition of judgment. *Arana v. Gallegos,* 279 S.W.2d 491 (Tex.Civ.App.—San Antonio, 1955, no writ); Rule 329b, sec. 4, T.R.C.P. If nothing else transpires other than the filing of an original motion for new trial, such motion will be overruled by operation of law 45 days after the same is filed. *Argonaut Southwest, Ins. Co. v. Morris,* 420 S.W.2d 760 (Tex.Civ.App.—Austin, 1967, writ ref'd, n. r. e.).

■ Petitioner's second point maintains that the trial court erred in *entering* a judgment presented by respondent Emmett rather than his attorney and doing so without notice to all counsel. Although they should not be included there are copies of three letters between the attorneys and one from the trial judge in the transcript, and petitioner challenges these instruments as not being a part of the record in this case. We sustain the challenge. Even though copies of these letters were filed by the clerk and made a part of the file, they were not offered in evidence during the trial nor included in any bill of exception. There-

fore, copies of the letters are not competent evidence and cannot be considered on appeal, even if designated and included in the transcript. *Beasley v. Reiger,* 441 S.W.2d 957, 959 (Tex.Civ.App.—Waco, 1969, no writ); *Rosenfeld v. Steelman,* 405 S.W.2d 301 (Tex.1966); *Rotello v. State,* 492 S.W.2d 347 (Tex.Civ.App.—Houston 1st, 1973, writ ref'd, n. r. e.)[1]; Rule 376, T.R.C.P. There is no competent evidence in the record to support Petitioner's second point and it is overruled. Even though petitioner's second point had been shown by competent evidence it would not be error.

■ By his point three petitioner says the trial court erred in trying the case and rendering judgment in the absence of his counsel and without proper showing of setting and notice. Petitioner's attorney in his "Motion to Vacate Judgment Nihil Dicit," acknowledges "That the above styled and numbered case was set for trial to the Court for Wednesday, June 12, 1974, at 9:00 a. m." It is apparent petitioner's counsel knew of the setting, and there is nothing in the record to show such setting was changed or postponed. Petitioner cannot complain that the Court tried the case on the day it was set even though his counsel did not appear. No notice is required other than the setting of the case on the docket. See *Plains Growers, Inc. v. Jordan,* 519 S.W.2d 633 (Tex.1974). Point three is overruled.

■ In his fourth point petitioner complains of the trial court entering a judgment nihil dicit when there was a verified answer and denial on file, and in his point five petitioner says the trial court erred in rendering judgment for respondent on his uncorroborated, indefinite and uncertain testimony. At the close of the testimony the court announced he was granting a nihil dicit judgment; however, the judgment rendered and signed by the court is not

1. Annotation under Rule 376, p. 48, 1975 pocket part shows writ refused, n. r. e., while Texas Writs of Error Table cites 497 S.W.2d 282, 290 for further action; page 282

is an error; at page 290 the Supreme Court refused the application for Writ of Error, no reversible error.

designated as a nihil dicit judgment nor is it such in substance. The judgment recites that petitioner had answered but had failed to appear in person or by counsel, and that "the Court proceeded to hear and try all matters in controversy, in law as well as fact, and after considering the pleadings, evidence, and arguments of counsel, finds that plaintiff should have and recover judgment against the Defendant * * *." The judgment was not a true nihil dicit judgment, and the general denial filed by petitioner was sufficient to put in issue the matters pleaded in the answer. Rule 92, T.R.C.P., *Frymire Engineering Co. v. Graham*, 18 S.Ct. Journal, p. 371 (1975); *Bredeson v. Merrill Lynch, Pierce, Fenner & Smith*, 513 S.W.2d 110 (Tex.Civ.App.—Dallas, 1974, no writ). Therefore, respondent was required to prove by evidence the elements of his pleaded cause of action. This he did, as shown by the statement of facts, and we hold such evidence to be factually sufficient to support the judgment. Points four and five are overruled.

Judgment of the trial court is affirmed.