**Jimmie BOUNDS, Appellant,**

v.

**PACIFIC EMPLOYERS INSURANCE COMPANY, Appellee.**

**No. 7796.**

Court of Civil Appeals of Texas, Beaumont.

April 1, 1976.

Robert Grossheim, Beaumont, for appellant.

Jim Weber, Beaumont, for appellee.

STEPHENSON, Justice.

This is a suit brought under the Workmen's Compensation Act. Claimant, Jimmie Bounds, appeals from an instructed verdict for Pacific Employers Insurance Company, at the close of his evidence.

The judgment of the trial court shows the instructed verdict was based solely on the failure by claimant to show good cause for failure to file his claim for compensation within six months. The evidence shows the accident made the basis of this claim occurred December 7, 1972. The claim was filed with the Industrial Accident Board in March 1974.

The law is well settled in this state that failure to file a claim within six months from the date of injury will bar recovery unless there is a showing of good cause, which must be continuous and exist up to the date the claim is filed. *Texas Casualty Insurance Company v. Beasley*, 391 S.W.2d 33 (Tex.Sup.1965). Good cause for delay exists only if an ordinary prudent person under the same or similar circumstances would have delayed filing a claim. *Moronko v. Consolidated Mutual Insurance Co.*, 435 S.W.2d 846 (Tex.Sup.1968).

The good cause relied upon by claimant in the case before this court is that he did not believe his injury was serious or disabling. The uncontradicted evidence shows: Claimant received an injury to his upper back December 7, 1972, and was hospitalized. He was released from the hospital December 9, 1972, and released to return to work December 10, 1972. He returned to work December 10, 1972, and continued to work through 1972 and 1973. When the claimant was asked why he did not file his claim for compensation before March 1974, he gave this answer:

"I didn't know it was going to cause me any problems with my work. I assumed that it would be better. I've known people that were crippled and learned to walk again. I was one of them. I knew of many cases where if a person's got enough determination they can get well, but I haven't made it."

The circumstances pertinent to this issue, generally are as follows: Claimant was working as a fitter-welder on the day of his injury. He was working under an overhead crane when the whole rig came down in the middle of his back. He was knocked about twenty feet off the slab and was picked up on a stretcher and carried to the hospital. The pain felt like a ball of fire in his back.

He stayed in the hospital three days during which time he was x-rayed and given pain pills. When released from the hospital, he went to the company doctor and asked to be allowed to return to work. The doctor released him to go back to work. At the time he hurt all over and took aspirin, anacin, and everything he could get his hands on. He had sharp burning pains in his upper back, neck, and arms. When that subsided, it left a dull throbbing pain that didn't subside. He continued to work through December 1972 and into 1973 with problems and pain in his upper back and neck area. At times the pain was almost unbearable right after he picked up something heavy. He returned to see the company doctor in March of 1973 who examined him "but he didn't tell me I was going to get well soon." The doctor did not prescribe any treatment or medication and released him to return to work. He continued to work and to have the same problems "only they kept getting worse." Claimant went to see his attorney in March of 1974 who sent him to a doctor and that's when he filed this claim for compensation. He was still working for the same employer at the time this case was tried.

On cross-examination, this claimant testified: that he had been in constant pain since receiving this injury; that he had missed some work because of this accident and knew the pain was related to this accident. He made $9,681 in 1973, about $11,000 in 1974, and about $6,000 the first half of 1975.

Under the facts of this case, we hold that the claimant did not prove that he had good cause for not filing his claim for compensation before March 1974, which was some fifteen months after the date of his injury. A reasonably prudent person under the same or similar circumstance would have done so. This claimant knew from the moment this accident occurred that his pain, suffering, and disability were caused by the accident in question. He knew that an eighty pound crane hit him in the middle of the back and knocked him twenty feet. He knew that he began to have pain in his back following the accident which continued until the time of this trial. He was never told by anyone that the pain he was suffering was not connected with his injury. He knew the problems in his back continued to get worse. In addition to all of this, there is no testimony in this record as to when this claimant decided that his injury was not trivial and that he would not get better. In other words, the record does not show affirmatively that claimant's excuse for not filing continued to exist up to the date this claim was filed. The disposition of this case is supported by: *Texas Employers Insurance Association v. Hubbard*, 518 S.W.2d 529 (Tex.Sup.1974); *Aetna Casualty & Surety Company v. Hughes*, 497 S.W.2d 282 (Tex.Sup.1973); and *Texas Employers' Ins. Ass'n v. Portley*, 153 Tex. 62, 263 S.W.2d 247 (1953).

AFFIRMED.