

# The Attorney General of Texas

October 25, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

J1 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Chairman
Higher Education Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-370

Re:   Interpretation   of   "teaching
assistant" and "research assistant"
in section 54.063 of the Education
Code

Dear Representative Delco:

You requested an interpretation of section 54.063 of the Texas
Education Code as it was renumbered and amended by House Bill No. 1147
of the Sixty-ninth Legislature.  Section 54.063 waives the payment of
nonresident tuition for certain persons who are not residents of
Texas.

Prior to the Sixty-ninth Legislature, section 54.051(o) of the
Texas Education Code waived nonresident tuition for a teaching assis-
tant, research assistant, or other student employee of an institution
of higher education, along with his spouse and children, if the
student employee was employed at least one-half time in a position
that related to his degree program.  House Bill No. 1147 restricted
that waiver to research assistants and teaching assistants, deleting
from the waiver "other student employees."  Section 54.063 now
provides that:

> A teaching assistant or research assistant of any
> institution of higher education and the spouse and
> children of such a teaching assistant or research
> assistant are entitled to register in a state
> institution of higher education by paying the
> tuition fees and other fees or charges required
> for Texas residents under Section 54.051 of this
> code, without regard to the length of time the
> assistant has resided in Texas, if the assistant
> is employed at least one-half time in a teaching
> or research assistant position which relates to
> the assistant's degree program under rules and
> regulations    established    by    the    employer
> institution.

The issue before us is the meaning of "teaching assistants or
research assistants" and whether those terms, as used by the
legislature in section 54.063, include only students whose jobs have

the specific title of "teaching assistant" or "research assistant." We conclude that those terms are not intended to indicate titles of positions but are descriptive of the functions of certain university employees who are entitled to the waiver.

The dominant consideration in construing a statute is the legislative intent. Where the intent is apparent from the words of the statute, it is not necessary to analyze the extrinsic evidence of legislative intent. See Minton v. Frank, 545 S.W.2d 442, 445 (Tex. 1976); Calvert v. British-American Oil Producing Co., 397 S.W.2d 839, 842 (Tex. 1965). Where the language of the statute is ambiguous, the legislative intent may be ascertained by looking beyond the statute. See Huntsville Independent School District v. McAdams, 221 S.W.2d 546 (Tex. 1949). Statutes should be construed in light of the circumstances existing at the time of their enactment, the evil sought to be corrected, and the purpose to be accomplished. See Texas & N.O.R. Co. v. Railroad Commission, 200 S.W.2d 626, 629 (Tex. 1947); Wortham v. Walker, 128 S.W.2d 1138, 1150 (Tex. 1939). The Code Construction Act, V.T.C.S. art. 5429b-2, §3.03, provides that, in construing a statute, a court may consider, among other matters, the object sought to be attained, the circumstances under which the statute was enacted, and legislative history.

House Bill No. 1147 is a comprehensive bill relating to tuition and fees at institutions of higher education. It sets forth the state's policy on tuition and constitutes the first major revision of tuition for students in many years. The bill was amended on the house floor to limit several waivers of nonresident tuition which had been granted to persons who are not residents of this state. Discussion on the floor amendment in question indicates:

> (1) that the amendment dealt with three areas where waivers were being abused, one being that the mere fact that a person from out-of-state wants to work for a university should not exempt the person from nonresident tuition;

> (2) that the amendment to House Bill No. 1147 eliminated only "other employees," leaving a waiver for teaching assistants, research assistants, and their spouses and children; and

> (3) that "by keeping the academics," out-of-state residents who bring something of benefit and value to our institutions would be protected.

See House Floor Debate, March 19, 1985, Second Reading of House Bill No. 1147, 69th Legislature.

The institutions of higher education in this state use numerous and different names as job titles for the positions held by student

Honorable Wilhelmina Delco - Page 3 (JM-370)

employees. Normally, in determining the character or nature of an entity, a court is guided by substance and not by a name. See Middleton v. Texas Power & Light, 185 S.W. 556, 562 (Tex. 1916); Llast v. Emmett, 526 S.W.2d 288, 290 (Tex. Civ. App. – Tyler 1975, no writ).

We find no indication that the legislature intended the waiver of nonresident tuition to apply to a student assistant only if the title of the student's job is "teaching assistant" or "research assistant." It is our opinion that the legislature used the terms teaching assistant and research assistant in section 54.063 as descriptive terms identifying the duties and responsibilities of the student jobs that entitle out-of-state students to register at Texas universities on the payment of resident tuition.

It also is our opinion that the legislature's purpose in granting such tuition incentives to nonresident students is the enhancement of the quality of the academic assistants who perform important scholarly roles in the academic programs of institutions of higher education. We conclude that the waiver of nonresident tuition in section 54.063 is intended to apply to student assistants with academic duties in all academic programs of a university, whether the programs are teaching or research, if the assistant is employed at least one-half time in a position that relates to the assistant's degree program under rules and regulations established by the employer institution. The waiver in section 54.063 is not intended to apply to student employees who assist in auxiliary enterprises or are employed in nonacademic activities at a university.

## S U M M A R Y

The terms "teaching assistant" and "research assistant," as used in section 54.063 of the Texas Education Code, are not intended as titles of positions that determine the entitlement of nonresident student employees to a waiver of nonresident tuition at institutions of higher education but are intended to describe the academic positions of the student employees who are entitled to such a waiver under that section.

Very truly yours

J I M   M A T T O X
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood