NO. 12-04-00079-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
PAUL D. WILLIAMS,                                       §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW

SARAH PORTER,
APPELLEE                                                        §                 SMITH COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Paul Williams, appearing pro se, appeals a summary judgment in favor of Sarah Porter. He
raises three issues on appeal. We reverse and remand.
 
Background
            Sarah Porter filed suit against Paul Williams for collection of a promissory note plus
attorneys’ fees. The promissory note, signed by Williams, required a payment of $10,000 plus
$2,000 in interest to Porter upon the sale of a particular house that was to be constructed. 
            Williams filed a pro se answer, which included a general denial and an allegation that he was
not liable in his individual capacity. Specifically, he asserted that he signed the note as a
representative of a limited liability partnership company known as William * Williamson, LLPC. 
Williams also pointed out that the note’s “maturity date” is the closing date of the sale of the house
and alleged that, because the house has not been sold,


 the note has not matured. Accordingly,
Williams asserted, the note is not in default. 
            On August 8, 2003, Porter served Williams with a request for admissions. She then filed a
motion for summary judgment on September 25. In her motion, Porter alleged that there was no
genuine issue as to any material fact necessary to establish Williams’s liability to her and that she
was entitled to judgment as a matter of law. In support of her motion, Porter attached a copy of the
promissory note and her own affidavit. Porter also asserted that Williams failed to answer the
request for admissions and that the matters were, therefore, deemed admitted. 
            On October 20, Williams filed a document entitled “Motion for Summary Judgment,” which
is in substance, a response to Porter’s motion for summary judgment. See Worthy v. Collagen
Corp., 921 S.W.2d 711, 714 (Tex. App.–Dallas 1995), aff’d, 967 S.W.2d 360 (Tex. 1998) (citing
Llast v. Emmett, 526 S.W.2d 288, 290 (Tex. Civ. App.–Tyler 1975, no writ)) (in determining the
nature of an instrument, the court looks to its substance and not its caption). In his “motion,”
Williams asserted that there is a genuine issue of material fact about whether he is personally liable
to Porter because he signed the note as a representative of William * Williamson. He pointed out
that the LLPC’s name, William * Williamson, appears at the top of the note, along with the LLPC’s
address. Further, Williams claimed that, although the LLPC is liable to Porter on the note, the note
has not yet matured because the house has not been sold.
            On October 27, Porter filed a response to Williams’s “motion” asserting that the note begins
with the pronoun “I” and is signed by “Paul Williams (Borrower).” Porter contended that this
proves Williams is personally obligated to repay the note. Porter also asserted that the deemed
admissions include facts sufficient to establish Williams’s personal liability. 
            The trial court granted Porter’s motion for summary judgment by order dated February 27,
2004. In its order, the trial court awarded Porter the principal sum of $10,000 and reasonable
attorneys’ fees of $3,000. On June 4, at Williams’s request, the trial court issued findings of fact and
conclusions of law, which included a conclusion that Williams admitted liability because of his
failure to answer Porter’s request for admissions. This appeal followed.
 
Summary Judgment
            In his first issue, Williams asserts that the trial court did not notify him of a trial setting or
any other hearings held in this matter; therefore, his due process rights were violated. In his second
issue, Williams asserts that the trial court did not afford him the opportunity to present a defense
before a jury to the claim filed against him. In his third issue, Williams asserts that the trial court
did not resolve his affirmative defenses to the contingencies in the note. We construe his third issue
as a challenge to the granting of Porter’s motion for summary judgment. Because Williams’s third
issue is dispositive, we need not address his other issues. See Tex. R. App. P. 47.1.
Review of Summary Judgments
            Texas uses summary judgments merely “to eliminate patently unmeritorious claims and
untenable defenses.” Casso v. Brand, 776 S.W.2d 551, 556 (Tex. 1989). A summary judgment is
not entitled to the same deference given a judgment following a trial on the merits. See Kelly v. Rio
Grande Computerland Group, 128 S.W.3d 759, 766 (Tex. App.–El Paso 2004, no pet.). When
reviewing the granting of a motion for summary judgment, an appellate court does not view the
evidence in the light most favorable to the trial court’s judgment; rather, it must indulge every
reasonable inference in favor of the nonmovant. Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546,
548-49 (Tex. 1985). The question is not whether the nonmovant raised a material fact issue to defeat
the motion, but whether the movant has proved entitlement to judgment as a matter of law. Gibbs
v. Gen. Motors Corp., 450 S.W.2d 827, 828-29 (Tex. 1970). If the movant fails to meet its burden,
the appellate court must reverse and remand the case for further proceedings. Id. The appropriate
standard of review for summary judgment has been clearly set forth by the Texas Supreme Court:
 
            (1)         The movant for summary judgment has the burden of showing that there is no
genuine issue of material fact and that it is entitled to judgment as a matter of law;
 
              (2)         Evidence favorable to the nonmovant will be taken as true in deciding whether there
is a disputed material fact issue precluding summary judgment; and
 
              (3)         Every reasonable inference must be indulged in favor of the nonmovant and any
doubts resolved in its favor.


See Nixon, 690 S.W.2d at 548-49. Because the granting of summary judgments is a question of law,
we review the trial court’s summary judgment de novo. See Natividad v. Alexsis, Inc., 875 S.W.2d
695, 699 (Tex. 1994). 
Analysis
            Porter alleged in her motion for summary judgment that Williams, by failing to answer her
request for admissions, admitted that
 
            1)           Exhibit A attached to plaintiff’s original petition is a true and correct copy of a note
signed by Williams;
              2)           Williams failed to meet his obligation in the note by not making payment;
              3)           Williams has never made any payments in satisfaction of this obligation; and
              4)           Williams currently owes a balance due in the principal sum of $10,000.
 
 
Further, Porter alleged that her affidavit established that
 
1)Porter is the owner and holder of the note;
2)Porter is represented by an attorney;
              3)           The claim upon which this suit is based has been presented to Williams; and
              4)           The payment for the amount owed has not been tendered despite the expiration of
more than thirty (30) days after the claim was presented.
 
 
            Porter attached a copy of the promissory note and her personal affidavit to her motion for
summary judgment. However, she failed to include the request for admissions as part of her summary
judgment evidence. As a result, those requests could not have been considered nor deemed admitted



by the trial court in making its decision because they were neither attached to Porter’s motion for
summary judgment nor on file with the trial court. See Tex. R. Civ. P. 166a( c) (a motion for
summary judgment or response must set forth the evidence in support of it unless such evidence is
on file). We may not consider evidence that was not before the trial court at the time of the summary
judgment.


 See K-Six Television, Inc. v. Santiago, 75 S.W.3d 91, 97 (Tex. App.–San Antonio 2002,
no pet.) (declining to consider exhibits that were not on file with the trial court at time of summary
judgment). We may, however, consider Porter’s affidavit and the promissory note that she attached
as evidence supporting her motion for summary judgment. 
            In Porter’s affidavit, she claims that Williams is in default in the amount of $10,000. An
affidavit of an interested party may serve as competent summary judgment proof as long as the
affidavit evidence is clear, positive, direct, credible, free from contradiction, and susceptible of being
readily controverted. Gordon v. Western Steel Co., 950 S.W.2d 743, 749 (Tex. App.–Corpus Christi
1997, pet. denied). However, conclusory statements in affidavits are not competent evidence to
support a summary judgment. Dolcefino v. Randolph, 19 S.W.3d 906, 930 (Tex. App.–Houston [14th
Dist.] 2000, no pet.). A conclusory statement is one that does not provide the underlying facts to
support the conclusion. Id. In her affidavit, Porter does not state any facts showing that Williams
was in default. Indulging every reasonable inference in favor of the nonmovant, Williams, and
resolving any doubts in his favor, we conclude that Porter’s statement is conclusory and therefore is
not competent summary judgment evidence. Id. 
            Porter further asserts that more than thirty days have expired since the claim of $10,000 plus
reasonable attorneys’ fees was presented to Williams. The promissory note specifies that, in case of
default, Porter may send a written notice to Williams demanding payment by a certain date. Should
Williams not make a required payment, Porter may then demand full payment of principal and interest
not paid. The demand must be at least thirty days after the date on which the written notice is
delivered or mailed. However, this provision applies only if Williams is in default according to the
terms of the note. 
            The note specifies that Williams “will pay principal and interest upon the sale of the
construction locate[d] at 3105 Pinehaven, Tyler, Texas 75720.” Further, the note defines the maturity
date as the date of the “closing of the sale of the house.” Porter does not claim in her affidavit that
the house has been sold nor does she provide any evidence that the house has been sold. Therefore,
Porter provides no evidence that the note has reached its maturity date, thereby triggering the default
provision. 
            A movant must establish her entitlement to summary judgment on the issues expressly
presented to the trial court by conclusively proving all elements of her cause of action or defense as
a matter of law. See Swilley v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). A summary judgment must
stand on its own merits. See id. Resolving any doubts and indulging all reasonable inferences in
Williams’s favor, we conclude that Porter has failed to show that Williams was in default. 
Accordingly, Porter did not establish her right to judgment as a matter of law. We sustain Williams’s
third issue.
 
Disposition
            Having sustained Williams’s third issue, we reverse the trial court’s judgment and remand
for proceedings consistent with this opinion.
 
 
                                                                                                    SAM GRIFFITH 
                                                                                                               Justice
 
 
Opinion delivered July 29, 2005.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
 
 
 
 
 
 
 
 
 
 
 
 
 
 
(PUBLISH)